IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JIMMY MULLINS, | * | |
| Plaintiff, | * | |
| v. | * | Case No. TJS-14-2698 |
| MAYOR AND CITY COUNCIL OF BALTIMORE, | * | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \*

**MEMORANDUM**

Jimmy Mullins ("Mullins") filed this lawsuit against the Mayor and City Council of Baltimore ("the City") for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Mullins claimed that the City wrongfully excluded him from overtime work because of his disability. He also claimed that the City failed to provide a reasonable accommodation for his disability. At the conclusion of a three-day jury trial, the jury returned a verdict in favor of the City. Now pending before the Court is Mullins' Motion for New Trial ("Motion") (ECF No. 105). Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. For the reasons stated below, Mullins' motion will be denied.

**I.    BACKGROUND**

On January 24, 2017, the parties jointly filed a proposed pretrial order (ECF No. 65). As required by Local Rule 106.2, the parties each submitted a "brief statement of facts that each [party] proposed to prove in support of that [party's claims or defenses], together with a listing of the separate legal theories relied upon in support of each claim [or affirmative defense]." Loc. R. 106.2. Pertinent to the Motion, Mullins' brief statement of facts contained the following

statement: "Defendant failed to allow the Plaintiff to use mechanical lifts which were available in the work area for the infrequent times that the Plaintiff needed to access the roof of a truck that was being repaired." (ECF No. 65 at 2.) In parallel, the City's brief statement of facts contained the following statement:

> Plaintiff claimed that an electrical lift would vitiate the need for him to climb and/or bend and thus would enable him to perform the essential functions of his position. An electrical lift however would not have assisted Plaintiff in getting into and out of large vehicles, nor would such a lift have enabled Plaintiff to perform the often-required task of bending, kneeling and crawling once on top of the hood or roof of a vehicle.

(*Id.* at 4.) In addition, the City also listed the following legal theories in the proposed pretrial order:

> 2. Requiring the City to purchase a mechanical lift would have imposed an undue financial burden on the City.
> 3. Plaintiff's requested accommodation, a lift, would not have assisted him in performing his essential job functions because once he used the lift to escalate alongside of or in front of the vehicle, he would not be able to perform the work needed on the hood or roof of the vehicle.

(*Id.* at 5.) Each party listed photos of mechanical lifts to be offered into evidence at trial. (ECF No. 65 at 10, 12.) On March 6, 2017, after conducting a pretrial conference, the Court entered a Pretrial Order, which provided that "the parties' proposed pretrial order (ECF No. 65) is approved as the Court's Pretrial Order. . . ." (ECF No. 88.)

A three-day jury trial concluded on March 9, 2017. The Verdict Form provided to the jury (*see* ECF No. 96) contained the following questions:

> Do you find that Plaintiff has proven by a preponderance of the evidence:
> * * *
> 4. That Plaintiff requested an accommodation?
> 5. That Plaintiff's requested accommodation was reasonable?
> 6. That Defendant denied Plaintiff's request for accommodation?

During the course of the jury's deliberations, the jury submitted a note to the Court asking to clarify whether the "accommodation" referenced in questions 4, 5, and 6 of the Verdict Form referred to "1) the lift only, 2) the lift, ability to hold the ladder for coworkers, step ladder, and the milk crate (all four), [or] 3) Any of the four types of accommodation." (ECF No. 95.) The Court heard arguments from the parties regarding the appropriate response to the jury's note (*see* ECF No. 104) and ultimately responded to the jury that the "accommodation" referenced in questions 4, 5, and 6 referred to "#1 the lift only." (*Id.*)

The jury ultimately determined that although Mullins requested an accommodation from his employer, his requested accommodation was not reasonable, and that even if the City had granted his requested accommodation, he could not have performed all the essential functions of his position. (ECF No. 96 at 1-2.) Accordingly, the Court entered judgment in favor of the City on March 10, 2017. (ECF No. 103.)

## II. DISCUSSION

Rule 59(a) allows the Court to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Because every litigant is entitled to one fair trial, not two, the decision of whether to grant or deny a motion for a new trial lies within the discretion of the district court." *Wallace v. Poulos*, 861 F. Supp. 2d 587, 599 (D. Md. 2012) (internal citations and quotation marks omitted); *see also King v. McMillan,* 594 F.3d 301, 314 (4th Cir. 2010). The court must exercise its discretion to grant a new trial only if the verdict "(1) is against the clear weight of the evidence, (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Wallace,* 861 F. Supp. 2d at 599 (citing *Knussman v. Maryland,* 272 F.3d 625, 639 (4th Cir. 2001)). Such a motion

should be granted only when it "is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done." *Pathways Psychosocial v. Town of Leonardtown, Md.,* 223 F. Supp. 2d 699, 706 (D. Md. 2002). "When considering a motion for a new trial, the trial judge may take into account his evaluation of the weight of the evidence produced by the respective parties." *Bingman v. Baltimore Cty., Maryland*, No. MJG-13-2678, 2017 WL 367555, at *2 (D. Md. Jan. 25, 2017) (citing *Wyatt v. Interstate Ocean and Transport Co.*, 623. F.2d 888 (4th Cir. 1980)). "[E]videntiary errors are harmless if the Court can 'say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the errors.'" *Callahan v. Toys "R" US-Delaware, Inc.*, No. JMC-15-2815, 2017 WL 2191578, at *1 (D. Md. May 18, 2017) (quoting *Taylor v. Virginia Union Univ.*, 193 F.3d 219, 235 (4th Cir. 1999)).

In his Motion, Mullins argues that he is entitled to a new trial for three reasons. (ECF No. 105-1.) First, he argues that the Court's response to the jury note was improper. Second, he contends that the Court should not have instructed the jury regarding the City's affirmative defense of undue hardship. Third, he argues that the jury's verdict is against the weight of the evidence. I will address each of these arguments below.

### A. The Jury Note

Mullins first argues that the Court's response to the jury note was improper. Mullins contends that during trial he elicited evidence of having requested accommodations besides the use of a mechanical lift, including a waiver of the climbing restriction and the ability to hold a ladder for other employees. (ECF No. 105-1 at 2-9.) By instructing the jury that the only accommodation requested was the use of a mechanical lift, he argues, the Court improperly made a finding of fact reserved for the jury. (*Id.*)

Mullins' argument fails because the only accommodation that was ever at issue in this case, from the time that the parties' proposed pretrial order was filed until the jury returned its verdict, was the use of a mechanical lift. As discussed above, the Court's Pretrial Order, which adopted the parties' proposed pretrial order, limited Mullins to his theory that the City denied his request to use a mechanical lift as an accommodation.

"Pretrial orders are designed to expedite litigation and eliminate surprise by framing the issues remaining for trial." *Perfection-Cobey Co., Div. of Harsco Corp. v. City Tank Corp.*, 597 F.2d 419, 420 (4th Cir. 1979). A party's "[f]ailure to identify a legal issue worthy of trial in the pretrial conference or pretrial order waives the party's right to have that issue tried." *McLean Contracting Co. v. Waterman Steamship Corp.*, 277 F.3d 477, 480 (4th Cir. 2002) (citing to Fed. R. Civ. P. 16, advisory notes which state, in part, "[C]ounsel bear a substantial responsibility for assisting the court in identifying the factual issues worthy of trial. If counsel fail to identify an issue to the court, the right to have the issue tried is waived."). A pretrial order "controls the subsequent course of the action" and courts may restrict parties' "proof at trial to the issues set forth in the pretrial order." 6 Wright & Miller, Federal Practice & Procedure, §§ 1526, 1527 (3d ed.).

In this case, the parties' proposed pretrial order stated the accommodation that Mullins requested: the use of a mechanical lift. This came as no surprise to the Court because throughout this case, Mullins' ability to use a mechanical lift and the reasonableness of this accommodation was the central issue in dispute. Mullins' failure to include any other requested accommodation besides use of a mechanical lift in the proposed pretrial order prevented him from changing his legal theory during the course of the trial (or at the conclusion of the trial, while the jury was deliberating). *See McLean*, 277 F.3d at 480. Where, as here, the parties make representations

regarding the facts that they will attempt to prove and the legal theories upon which they will rely, the parties may not "complain when the trial court takes them at their word." *Genereux v. Raytheon Co.*, 754 F.3d 51, 59 (1st Cir. 2014). Mullins was limited to proving his claims based on his theory that his requested accommodation of using a mechanical lift was reasonable. His attempts to enlarge his theory now and during the jury's deliberations are improper. *See Genereux*, 754 F.3d at 59 ("That theory having failed, they cannot now disavow their earlier decision and attempt to change horses midstream in hopes of finding a swifter steed.")

The Court appropriately responded to the jury's question because the only accommodation that Mullins requested that was at issue in the trial was the use of a mechanical lift.[1] "It is the responsibility of the trial judge to provide the jury with sufficient instruction to enable it to assess the evidence within the proper legal framework and to reach a rational verdict." *United States v. Parker*, 903 F.2d 91, 101 (2d Cir. 1990). And in providing sufficient instruction, trial judges have "considerable discretion in determining how to respond to communications indicating that the jury is experiencing confusion." *Id.; see also Horne v. Owens-Corning Fiberglas Corp.*, 4 F.3d 276, 284 (4th Cir. 1993).

The Court's response to the jury's question was appropriate. The response did not prejudice Mullins in any way. Instead, the Court's response clarified for the jury which issue was in dispute so that it could reach a rational verdict. To the extent that Mullins was prejudiced by the answer to the jury's question, this prejudice is the direct result of his submission of a

---

[1] Notably, the Court's jury instruction regarding undue hardship directly addressed this point. That instruction stated, in pertinent part, that "[t]he defendant has presented evidence that granting the use of a lift as an accommodation would have constituted an undue hardship."

6

proposed pretrial order that limited his case to proving that the use of a mechanical lift was the requested accommodation at issue.[2]

### B. Undue Hardship Jury Instruction

Mullins argues that the Court erred in giving Jury Instruction No. 28, which concerned the City's affirmative defense that Mullins' requested accommodation would impose an undue hardship. (ECF No. 105-1 at 9.) Jury Instruction No. 28 stated as follows:

> The defendant has presented evidence that granting the use of a lift as an accommodation would have constituted an undue hardship. An employer is not required to provide an accommodation that will impose an undue hardship on the operation of that employer's business. An "undue hardship" is any accommodation that would be unduly costly, extensive, substantial, or disruptive, or that would fundamentally alter the nature or operation of the business. The defendant has the burden of proving by a preponderance of the evidence that an accommodation would constitute an undue hardship. In making this determination, you may consider the following factors: a. the nature and cost of the accommodation; b. the size and nature of the defendant's business, and the financial resources available to it; and c. the impact of the accommodation on the operation of the defendant's business.

Mullins argues that this instruction was inappropriate because, although the City presented evidence that the only mechanical lift available "was reserved for use by another department," the City "failed to muster any material evidence" that allowing Mullins to use the lift when needed would amount to an undue hardship. (ECF No. 105-1 at 9.)

---

[2] Alternatively, even if Mullins was not limited to the legal theory contained in the Pretrial Order, his testimony centered on his request for an accommodation in the form of a mechanical lift. (*See* ECF No. 104 at 4-5 ("I thought that the pertinent testimony was that . . . Mr. Mullins knew that there were at least two other lifts in the general vicinity, the one-man lift and the three-person lift; and that in discussions with the City, he was told to go price lifts, and the lift price that he came up with was like $6,500, or whatever that was. And that was the accommodation that was being discussed between Mr. Mullins and the -- at least the human resources people for Baltimore City.")) Mullins' argument that he made an "implied request" for another accommodation (*see id.* at 5) was not supported by sufficient evidence to warrant any instruction to the jury on this request. For this alternative reason, as well as those other reasons set forth in the City's response (ECF No. 106), Mullins' argument regarding the jury note is without merit.

District courts have "broad discretion in framing jury instructions." *Dawson v. Page*, 286 F. Supp. 2d 617, 622 (M.D.N.C. 2003) (citing *Teague v. Bakker*, 35 F.3d 978, 985 (4th Cir. 1994)). As long as jury instructions "correctly state the law and adequately cover the issues in the case, they are proper." *Id.* (citing *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1164 (4th Cir. 1986)).

The parties presented evidence at trial sufficient to allow the jury to find that allowing Mullins to use a mechanical lift would have been an undue hardship on the City. Mullins testified that he investigated the cost of purchasing a mechanical lift and learned that the purchase price would be approximately $6,500.00. This evidence, combined with evidence that the only mechanical lifts owned by the City were not available for Mullins' use because they were in other locations, was sufficient to warrant an instruction on undue hardship. Alternatively, as the City notes in its response, the jury did not reach the question of whether Mullins' requested accommodation constituted an undue hardship because it found that the accommodation was not reasonable in the first place. (*See* ECF No. 106 at 7.) For these reasons, Mullins' argument regarding Jury Instruction No. 28 is without merit.

C. **Weight of the Evidence**

Mullins' third argument is that "the overwhelming weight of the evidence shows that Defendant failed to accommodate his disability." (ECF No. 105-1 at 10.) I disagree. There was sufficient evidence for the jury to return a verdict in favor of the City, as it did. Specifically, there was evidence sufficient to support the jury's findings that Mullins' requested accommodation of the use of a mechanical lift was not reasonable and that Mullins would not have been able to perform the essential functions of his position even with the use of a mechanical lift. The jury found against Mullins on both of these issues. Because the jury's

verdict was not against the clear weight of the evidence, Mullins' argument on this point is also without merit. *See Myrick v. Prime Ins. Syndicate, Inc.*, 395 F.3d 485, 489 (4th Cir. 2005).

## III. CONCLUSION

For the reasons set forth above, Mullins is not entitled to a new trial under Rule 59(a). Accordingly, his Motion is **DENIED**. A separate Order follows.

August 8, 2016  /s/
Date  Timothy J. Sullivan
 United States Magistrate Judge